Copies Mailed/Faxed  9/25/20
Chambers of Vincent L. Briccetti

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/25/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
HASSON K. WILSON,
          Plaintiff,

v.

CORRECTION OFFICER ANNA FIGUEROA;
CORRECTION OFFICER CORDOVANO;
SERGEANT A. BENITEZ; RN NURSE T.
FREEMAN; and CAPTAIN WASHER,
          Defendants.
--------------------------------------------------------------x

**ORDER OF DISMISSAL**

19 CV 4537 (VB)

    Plaintiff, who is proceeding pro se and in forma pauperis, commenced this action by filing a complaint dated April 29, 2019. (Doc. #1). At that time, plaintiff was incarcerated at Fishkill Correctional Facility.

    In its Order of Service dated June 19, 2019, the Court notified plaintiff of his responsibility to notify the Court in writing if his address changes, and the Court may dismiss the action if plaintiff fails to do so. (Doc. #12).

    The Order of Service was mailed to plaintiff, along with an "Instructions for Litigants Who Do Not Have Attorneys" pamphlet and a blank "Notice of Change of Address" form. (Doc. #13). Like the Order of Service, the Instructions pamphlet also states it is plaintiff's responsibility to notify the Court in writing if his address changes, and the Court may dismiss the action if plaintiff fails to do so. (See id. at ECF 2).

    By letter dated August 15, 2019, plaintiff informed the Court of his new address at Great Meadow Correctional Facility. (Doc. #21).

    By letter dated February 14, 2020, plaintiff informed the Court of his new address at Sing Sing Correctional Facility. (Doc. #32).

On July 7, 2020, the Court received notice that its June 25, 2020, Order regarding the case management conference previously scheduled for July 17, 2020, and the Court's June 30, 2020, Order extending certain discovery deadlines and adjourning the July 17 case management conference to September 18, 2020, both of which were mailed to plaintiff, were both returned as undeliverable with the following notation: "No longer here paroled/released."

Accordingly, by Order dated July 9, 2020, the Court ordered plaintiff to update the Court in writing as to his current address, by August 10, 2020. (Doc. #38). The July 9 Order warned plaintiff, in bold and underlined font, that if plaintiff failed to update his address by August 10, 2020, the Court may dismiss this case for failure to prosecute or comply with Court orders. (Id.). The Court mailed the July 9 Order to plaintiff at his last known address on the docket.

On July 15, 2020, the Court received notice that the July 9 mailing was returned as undeliverable with the following notation: "No longer here. Paroled/released."

Accordingly, by Order dated August 12, 2020, the Court sua sponte extended to September 11, 2020, plaintiff's time to update the Court as to his current address. (Doc. #40). The August 12 Order warned plaintiff, in bold and underlined font, that if plaintiff failed to update his address by September 11, 2020, the Court would dismiss this case for failure to prosecute or comply with Court orders. (Id.). The Court mailed the August 12 Order to plaintiff at his last known address on the docket.

On September 1, 2020, the Court received notice that the August 12 mailing was returned as undeliverable with the following notation: "No longer here paroled/released."

To date, plaintiff has failed to update his address in writing. Indeed, plaintiff last communicated with the Court in February 2020. (See Doc. #32). Accordingly, the Court concludes plaintiff has abandoned this case.

Having considered all of the factors set forth in Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996), the Court dismisses this case with prejudice for failure to prosecute or comply with Court orders. Fed. R. Civ. P. 41(b).

The Clerk is further directed to close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purposes of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Chambers will mail a copy of this Order to plaintiff at the address on the docket.

Dated: September 25, 2020
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge